PRIMITIVO FIGUEROA COLÓN, Petitioner and Appellee, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellant.

No. 8877.    Argued May 15, 1944—Decided May 29, 1944.

R. A. *Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellant.    The appelle did not appear.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The present appeal was taken by the District Attorney from the judgment entered by the District Court of San Juan on September 23, 1943, granting the petition of habeas corpus filed by Primitivo Figueroa Colón and ordering the immediate discharge of the petitioner.

The essential facts alleged in the petition and established by the record of the case are the following:

Petitioner was found guilty of the crime of murder in the first degree and sentenced to the penalty of life imprisonment, which he began serving in the Insular Penitentiary on October 20, 1930. On May 28, 1941, the Governor of Puerto Rico commuted said penalty and reduced it to 20 years' imprisonment.

Petitioner alleged that, according to the provisions of Act No. 180 of May 15, 1943, amending an Act of March 14, 1907, he is entitled to a reduction, as discount for his good conduct, of 12 days for every natural month elapsed since October 20, 1930, that is, from the date he was committed to the Penitentiary to begin serving the penalty of life imprisonment; and that if the discounts provided by said Act are granted, his term had expired and had been served by January 1943. Petitioner complains that the Warden of the Insular Penitentiary has refused to grant him the discounts to which he allegedly is entitled, sustaining that the above mentioned Act No. 180 has no retroactive effect and that it can only be applied from the date on which it became effective, that is, from August 13, 1943.

Some time after the date on which the judgment appealed from was entered, this court heard and decided the same legal question involved herein, in *Echeandía. v. Alvavarado, Warden of the Insular Penitentiary,* decided on March 7, 1944, and reported in 63 P.R.R. 220.

According to our decision in the *Echeandía* case, which is strictly applicable to the case at bar, petitioner Primitivo Figueroa Colón, upon having his sentence of life imprisonment commutted to 20 years' imprisonment, acquired the status of an inmate for a term of 20 years' imprisonment, from the date of his commitment to the Penitentiary to serve the original sentence, that is, from October 20, 1930.

By virtue of the commutation, the prisoner became entitled to a discount of ten days for each natural month of good conduct, from October 20, 1930, date of his commitment

to the Penitentiary, to August 13, 1943, in accordance with the provisions of the Act of March 14, 1907. From August 13, 1943, date on which Act No. 180 of May 15, 1943, became effective, the prisoner became entitled to a discount of 12 days, as allowance for good conduct, for each natural month until he served his penalty of twenty years.

The *Fiscal* of this court has submitted to our consideration the form in which, in his judgment, the liquidation of the penalty of twenty years imposed on the petitioner in the *Echeandía* case, *supra*, should be carried out. The *Fiscal* states in his brief:

"When petitioner was committed to the Penitentiary, he had spent 29 days in the District Jail, which, subtracted from the term of his penalty of 20 years, reduces it to 19 years, 11 months, one day, which term started on October 20, 1930, and up to August 13, 1943, petitioner had spent in prison 12 years, 9 months, 23 days. By crediting the petitioner with 10 out of every 30 days (a natural month) out of the term of 20 years, the above-mentioned physical term of imprisonment entitles him to an allowance of 6 years, 4 months, 27 days, making a total of 19 years, 2 months, 20 days, that is, that part of the penalty of 20 years served by the petitioner until August 13, 1943, which after he is credited with the discounts, from the date of his commitment to the date on which the above-mentioned Act No. 180 was passed, added to the 29 days spent in the district jail, make a total of 19 years, 3 months 19 days, thre only remaining 8 months and 11 days to be served at that date. From August 13, 1943 to the date on which petitioner was set free, that is, on September 10, 1943, he scarcely served 27 days, thereupon there remaining 4 months and 3 days to make a total of 5 months, with which the remainder of 8 months and 11 days from August 13, 1943, would be served, since he would be credited with the other 3 months and 11 days as a discount at the rate of 12 days in every natural month, calculated upon said remainder of the penalty of 8 months and 11 days."

We accept as correct the figures of the Prosecuting Attorney, based as they are on the official records of the Insular Penitentiary introduced as part of the return of the

Warden, respondent herein. They are sufficient to justify our conclusion that the petitioner was set free prematurely as a consquence of the erroneous interpretation given by the lower court to Act No. 180 of May 15, 1943.

For the reasons stated in our opinion in the *Echeandía* case, *supra,* the judgment appealed from is reversed and it is ordered that petitioner Primitivo Figueroa Colón be arrested and committed to the Insular Penitentiary, where he shall remain until he serves, in accordance with law, the penalty imposed on him.